**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0317-17T3

MERCEDES AYBAR,

      Plaintiff-Appellant,

v.

BOROUGH OF CARTERET, and
DEPARTMENT OF PARKS AND
RECREATION OF THE BOROUGH
OF CARTERET,

      Defendants-Respondents.

_____

Argued October 25, 2018 – Decided January 22, 2019

Before Judges Simonelli, O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4759-15.

Stephen D. Brown argued the cause for appellant.

John W. Harding argued the cause for respondents (Martin, Kane & Kuper, attorneys; John W. Harding, on the brief).

PER CURIAM

Plaintiff, Mercedes Aybar, appeals from a July 21, 2017 order granting summary judgment to defendants, Borough of Carteret and the Department of Parks and Recreation of the Borough of Carteret, and dismissing her personal injury action under N.J.S.A. 59:1-1 to 12-3, the New Jersey Tort Claims Act (TCA). We affirm.

On August 24, 2013, plaintiff fractured her ankle after slipping and falling on a tarp underneath an inflatable children's water slide and pool set up in Carteret Park. Juan Carbonell, defendants' employee, set up the slide and pool. Carbonell first placed a tarp down, then inflated the slide and pool on top of the tarp. He also placed several orange cones along the edge of the tarp. A hose, set up at the top of the slide, supplied water to the slide and filled the pool. As children went down the slide into the pool, water splashed over the edges onto the tarp.

Plaintiff brought her niece to play on the slide and was joined by plaintiff's friend and his daughter. At her deposition, plaintiff testified she stood by the ladder and helped children climb up to the slide, while her friend stood at the bottom and helped children step out of the pool. At the time plaintiff fell, Carbonell was sitting in a chair some distance away from the slide. Plaintiff asserted that as she was helping children from the pool, she noticed a child slip

and fall after getting out of the pool, so she moved towards her to help. Plaintiff slipped, fell and landed with her right foot underneath her. X-rays revealed she broke her ankle, which later required surgery.

On August 3, 2015, plaintiff filed a complaint alleging defendants maintained a dangerous condition on their property that caused her injury. On May 23, 2017, defendants moved for summary judgment. The motion judge granted defendants' motion on July 21, 2017, stating his reasons on the record. This appeal followed.

On appeal, plaintiff argues several material facts are in dispute and the motion judge improperly concluded they were either immaterial or undisputed. Plaintiff lists several facts she argues are in dispute, including: the size of the pool, whether the tarp was pitched and angled toward a drain, whether the orange cones were placed to warn people, and whether it was reasonably foreseeable that adults would step on the tarp even if told not to do so. Plaintiff also argues a genuine dispute of material fact exists regarding whether the slide and pool were a dangerous condition. She submits the slide and pool posed a foreseeable danger to the public, about which defendants were aware, because Carbonell took steps, such as supervising children and setting up cones, to protect against the risk. Plaintiff argues a jury could find her use of the slide and pool was

3

reasonable because parental supervision was expected. Thus, plaintiff asserts her injury, despite her reasonable and foreseeable use, indicates defendants maintained a dangerous condition.

When reviewing a grant of summary judgment, we use the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). A court should grant summary judgment, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (citing R. 4:46-2(c)). The evidence must be viewed in "the light most favorable to the non-moving party." Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012). "Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[] to any fact in dispute' in order to defeat summary judgment." Globe Motor Co., 225 N.J. at 479 (alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)).

However, the reviewing court should "not make credibility determinations and must afford the opponent of the summary judgment motion all favorable inferences." Kopin v. Orange Prods., Inc., 297 N.J. Super. 353, 366 (App. Div.

A-0317-17T3

1997). If the case "presents no material factual disputes, the court simply applies the appropriate law to the facts." Ibid.

While plaintiff is correct that there were disputed issues of fact, none was material. Utilizing the Brill standard, the motion judge first considered whether the wet tarp underneath the slide and pool was a dangerous condition, then whether defendants' actions were palpably unreasonable. The judge concluded there was nothing inherently dangerous about the wet tarp because a reasonable person would know it was wet upon stepping on it. Therefore, by failing to prove a dangerous condition, plaintiff did not state a prima facie case of premises liability against a public entity, making summary judgment appropriate.

N.J.S.A. 59:4-1 to -10 governs public entity premises liability and is the Legislature's effort to limit public premises liability to all but the most egregious circumstances. "[I]n balancing the liability and immunity provisions of the TCA, 'immunity is the rule and liability is the exception.'" Smith v. Fireworks by Girone, Inc., 180 N.J. 199, 207 (2004) (quoting Posey v. Bordentown Sewerage Auth., 171 N.J. 181-82 (2002)).

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the

A-0317-17T3

dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

[N.J.S.A. 59:4-2 (emphasis added).]

Thus, in order to succeed on a premises liability claim, a plaintiff must prove: (1) the public property was in dangerous condition, (2) "the dangerous condition created a [substantial and] foreseeable risk of, and actually caused, injury to plaintiff," (3) the public entity knew of the dangerous condition, and (4) the public entity's action to protect against the dangerous condition was palpably unreasonable. Muhammad v. N.J. Transit, 176 N.J. 185, 194 (2003).

Plaintiff argues she is not obliged to prove the public property was physically defective or flawed in such a way as to create a dangerous condition

and relies on <u>Ogborne v. Mercer Cemetery Corp.</u>, 197 N.J. 448, 461 (2009).  Her reliance on <u>Ogborne</u> is misplaced.

Historically, our Supreme Court held the term "dangerous condition" only refers "to the 'physical condition of the property itself and not to activities on the property.'"  <u>Levin v. Cty. of Salem</u>, 133 N.J. 35, 44 (1993) (quoting <u>Sharra v. City of Atlantic City</u>, 199 N.J. Super. 535, 540 (App. Div. 1985); <u>see also</u> <u>Wymbs v. Twp. of Wayne</u>, 163 N.J. 523, 523 (2000).  A dangerous condition is found when there is some physical defect in the property.  <u>See, e.g.</u>, <u>Atalese v. Long Beach Twp.</u>, 365 N.J. Super. 1, 5 (App. Div. 2003) (finding dangerous condition in uneven sidewalk); <u>Daniel v. State Dept. of Transp.</u>, 239 N.J. Super. 563, 589-590 (App. Div. 1990) (State created dangerous condition by constructing a median to appear like a ramp that caused cars to be catapulted into oncoming traffic); <u>but see</u> <u>Polzo v. Cty. of Essex</u>, 209 N.J. 51, 73-74 (2012) (one-and-one-half-inch depression in road shoulder not designed as a bike lane was not a dangerous condition).  Reasonable use or misuse of property cannot create a dangerous condition without a physical defect in the property itself.  <u>See, e.g.</u>, <u>Levin</u>, 133 N.J. at 49-50.

In <u>Ogborne</u>, a city's employee created a potentially dangerous condition when he locked a park gate without checking the cemetery to make sure the park

was empty as required. 197 N.J. at 461. The plaintiff was trapped inside and was injured after vaulting a wall in an effort to get out of the cemetery. Id. at 453-54. The Ogborne Court explained it faced a "clash between two liability provisions," i.e., N.J.S.A. 59:4-2(a) and N.J.S.A. 59:2-2's rules on public entity respondent superior liability. Id. at 457-58. The Court determined it should apply N.J.S.A. 59:4-2(a), the more stringent of the two standards, in order to respect the Legislature's intent to limit public entity liability for personal injuries. Id. at 459-60. Thus, the public employee was said to have created a dangerous condition, pursuant to N.J.S.A. 59:4-2, when he locked the plaintiff in the park. Id. at 461.[1] Notably, there was no physical flaw in the property at issue; rather, plaintiff's injury was sustained when she vaulted a wall to escape.

The inflatable slide and pool is not a condition of the property. There is no allegation they were set up over rocks or some other potentially dangerous surface. Moreover, the pool and slide did not create a substantial risk of injury even if due care was exercised and the property was used in a reasonably foreseeable manner. Plaintiff did not carry her burden under the TCA because

---

[1] This court has previously held the presence or absence of lifeguards at public beaches does not create a dangerous condition because their presence is unrelated to the property's physical condition. See, e.g., Stempkowski v. Borough of Mansquan, 208 N.J. Super. 328, 331-32 (App. Div. 1986); Sharra, 199 N.J. Super. at 541.

she was not injured by a condition of property. To the extent <u>Ogborne</u> can be read as a retreat from the physical condition of property requirement, plaintiff's claim still fails because she cannot prove the slide and pool presented a dangerous condition. Further, even if plaintiff could demonstrate a "potentially dangerous condition," such as the locked gate in <u>Ogborne</u>, no reasonable jury could conclude the City's actions in installing cones as a safety monitor were "palpable unreasonable." N.J.S.A. 59:4-2.

A "dangerous condition" "means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). Due care in use of property "depends on the variable element of risk of harm inherent in any situation." <u>Levin</u>, 133 N.J. at 60 (quoting <u>King v. Brown</u>, 221 N.J. Super. 270, 276 (App. Div. 1987)). Our Supreme Court has explained that the level of due care required in the use of property must be assessed objectively based on a community ideal of reasonable behavior. <u>Vincitore v. N.J. Sports & Exposition Auth.</u>, 169 N.J. 119, 127 (2001) (analyzing risk posed by an unguarded railroad crossing from viewpoint of reasonable members of the general public); <u>Garrison v. Twp. of Middletown</u>, 154 N.J. 282, 293 (1998) (analyzing declivity in parking lot from viewpoint of reasonable train station

user). Therefore, the question is whether the risk of harm is substantial when the property is used by a reasonable person.

Here, plaintiff argues the wet tarp was a dangerous condition because users of the slide and pool could still slip even if the tarp was used carefully. But she exaggerates how the reasonable person would approach this scenario. The reasonable adult walking near a children's water slide and pool would be aware the surrounding surfaces would become wet as children used it. The reasonable person would have also seen the cones dotting the tarp and realize she was potentially entering a wet and slippery area and should use caution while walking. Plaintiff's slip and fall was an unfortunate accident, but we cannot say the risk of her harm was so substantial that no amount of due care could have prevented it.

Plaintiff also argues it was palpably unreasonable for Carbonell to set up the slide and pool, only place cones around it, and then leave it unsupervised. Carbonell disputed plaintiff's account and stated he was supervising the children. But even viewing the facts most favorably to plaintiff, it was not unreasonable for Carbonell to watch from afar. This was not a public pool where lifeguards are required to monitor children. Rather, this was a small, inflatable slide and pool. Parents and caretakers supervised their young children as they

10

played on it. Moreover, whether the cones around the tarp were an adequate warning is largely irrelevant because the reasonable person upon seeing the water slide and pool should know the surroundings surfaces were likely to be wet. A reasonable jury could not conclude Carbonell's lack of supervision was unreasonable, let alone palpably unreasonable.

We have carefully reviewed plaintiff's remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0317-17T3