199 N.J. Super. 535 (1985)
489 A.2d 1252
JOHN A. SHARRA AND ANITA SHARRA, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
CITY OF ATLANTIC CITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 19, 1985.
Decided March 22, 1985.
*537 Before Judges KING, DEIGHAN and BILDER.
Valore, McAllister, Westmoreland, Gould, Vesper & Schwartz, attorneys for appellants (Donald Parisi, on the brief and supplemental brief).
Gormley, Savio & Gasbarro, attorneys for respondent (James P. Savio, on the letter brief and supplemental letter brief).
The opinion of the court was delivered by DEIGHAN, J.A.D.
In this case we consider the liability of Atlantic City for the careless conduct of a bicyclist on the Boardwalk.
Plaintiffs appeal from a dismissal of their complaint based on the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq. for personal injuries sustained by the plaintiff John A. Sharra. Plaintiffs claim two bases for recovery under the Tort Claims Act: first, the maintenance of a dangerous condition pursuant to N.J.S.A. 59:4-2 and, second, negligent supervision of a recreation facility pursuant to 59:3-11. In opposition to Atlantic City's motion for summary judgment, plaintiffs analogize the facts of this case with Kleinke v. City of Ocean City, 163 N.J. Super. 424, 430 (Law Div. 1978), where the court found that the combination of a body surfer and three to six-foot waves amounted to a "dangerous condition." The trial judge distinguished Kleinke and further held that the boardwalk is "used as a walkway to get from one point to the other and obviously *538 also used for recreational purposes, if nothing else, a stroll along the ocean front." He concluded that "the public way is not the equivalent of a `recreational facility.'"
The facts are not in dispute. On the morning of July 18, 1982 John Sharra was riding his bicycle on the ocean side of the Atlantic City Boardwalk. He had ridden his bicycle on the Boardwalk on a regular basis for about 40 years. On this particular morning, the boardwalk was crowded with cyclists. A man on a bicycle raced towards Sharra and struck him, throwing him from his bicycle. He fractured his jaw on the railing of the boardwalk. The racing cyclist who struck Sharra never stopped and was never identified.
On this appeal, pursuant to leave granted, plaintiffs filed a supplemental brief and supplemented the record with several Atlantic City ordinances concerning the boardwalk. Atlantic City Ordinance No. 68 of 1981 provides that bicycles may be ridden on the boardwalk between 6 a.m. and 10 a.m. daily. In its introductory clauses, Atlantic City Ordinance No. 22-1961 refers to the "Boardwalk as a recreational facility." Introductory clause of another Atlantic City ordinance, No. 6 of 1974, reads as follows:
WHEREAS, the Beach and Boardwalk in the City of Atlantic City are part of a Public Park; and ...
WHEREAS, the Beach and Boardwalk in Atlantic City is part of a public park from the inside line of the Boardwalk oceanward to the Atlantic Ocean; and ...
Plaintiffs also included in their appendix a picture of a sign, presumably posted at an entry point to the boardwalk, which says "Atlantic City Bike Hours 6 a.m. to 10 a.m. Only."
Plaintiffs contend that: (1) the boardwalk is a recreational facility within the meaning of N.J.S.A. 59:3-11; (2) the determination of whether the boardwalk is a recreational facility is at least a factual question which precludes summary judgment (not raised below); (3) discovery should have been extended for an additional period of 60 days; (4) the court erred in determining that the boardwalk is not a recreational facility within the meaning of N.J.S.A. 59:3-11 (not raised below), and (5) the *539 boardwalk constituted a dangerous condition of public property when plaintiff John Sharra was injured (not raised below).
We accept Atlantic City's classification that the "Beach and Boardwalk in Atlantic City is part of a public park from the inside line of the Boardwalk oceanward to the Atlantic Ocean" and the reference to the "Boardwalk as a recreational facility." When Judge Connor issued his written opinion describing the nature of the boardwalk, he did not have the ordinances of Atlantic City before him.
Two sections of the Tort Claims Act apply to plaintiffs' claim of negligent supervision. N.J.S.A. 59:2-7 states that
[a] public entity is not liable for failure to provide supervision of public recreational facilities; provided, however, that nothing in this section shall exonerate a public entity from liability for failure to protect against a dangerous condition as provided in chapter 4.
If a municipal employee assumes supervision of a recreational facility, liability for negligent supervision may attach. N.J.S.A. 59:3-11 provides that
[a] public employee is not liable for the failure to provide supervision of public recreational facilities. Nothing in this section exonerates a public employee for negligence in the supervision of a public recreational facility.
To establish liability based on negligent supervision, a plaintiff must show that an injury was sustained (1) at a public recreational facility; (2) that a public employee undertook supervision of a public recreational facility, and (3) that the employee was negligent in supervision of the public recreational facility. In Morris v. Jersey City, 179 N.J. Super. 460 (App.Div. 1981), this court defined supervision.
In the presence of statutory immunity or the absence of a duty otherwise imposed, there must be some conduct, no matter how minute, evidencing an intention to supervise by way of monitoring, entering into or becoming a part of the activity itself from which the injury sprang. Liability for negligent supervision will not be imposed simply because there was an incidental undertaking at the same place only tangentially related to the recreational activity. [Id. at 464].
In Morris this court held that the presence of a janitor in a gymnasium open to children after school hours did not constitute supervision. Id. at 463.
*540 N.J.S.A. 59:3-11 establishes that a public employee, not the municipal entity, may be liable for negligent supervision. The focus of the statute is upon the conduct of the person, the negligent supervisor. The language indicates that the legislative intent of this section is to protect the public from specific acts of negligence of a public employee but then only in the event the employee undertakes supervision.
Plaintiffs focus upon the ordinances regulating the boardwalk and conclude that Atlantic City has assumed supervision over the boardwalk. But any supervision by Atlantic City over the boardwalk is no more than a general overall supervision, much the same as supervision of activities on public streets and sidewalks. To prevail pursuant to N.J.S.A. 59:3-11 much more is required: plaintiffs must prove a specific act or omission on the part of a municipal employee who has undertaken supervision of the recreational facility, i.e. the boardwalk. They neither allege nor contend any such act of negligence. To the contrary, in paragraph four of their complaint they aver that the "City of Atlantic City, was negligent in its ownership, control of the aforementioned premises located on the Boardwalk in that they do not provide supervision of the Boardwalk even though they encourage bicyclists to use the Boardwalk for bicycling purposes during specified and posted hours each day." (Emphasis supplied).
There is no merit to plaintiffs' contention concerning liability for failure to supervise activities on the boardwalk even assuming it is a recreational facility as contended by plaintiffs.
In their complaint, plaintiffs allege that there was a "dangerous condition on the boardwalk ... which created a substantial risk of injury to the plaintiff ..." Judge Connor rejected this allegation in his letter opinion and, as stated above, distinguished Kleinke v. City of Ocean City, supra. The term "dangerous condition" as defined in N.J.S.A. 59:4-1 a. refers to the physical condition of the property itself and not to activities on the property. See Rodriguez v. N.J. Sports & *541 Exposition Authority, 193 N.J. Super. 39 (App.Div. 1983) (attack by persons in sports complex not a dangerous condition); Cogsville v. Trenton, 159 N.J. Super. 71 (App.Div. 1978) (dog bites from a "dangerous" dog owned by tenant in city dwelling not a dangerous condition); Setrin v. Glassboro State College, 136 N.J. Super. 329 (App.Div. 1975) (attack on campus of State College not a dangerous condition). We overrule Kleinke insofar as it holds that a body surfer in three to six-foot waves constitutes a "dangerous condition."
In their supplemental brief, plaintiffs urge that the boardwalk constituted a dangerous condition at the time of John Sharra's injury, an argument they now contend was "not raised below." While this assertion is incorrect because the dangerous condition argument was addressed to Judge Connor, the plaintiffs have revised their dangerous condition argument on appeal. They now point to Section 4 of Atlantic City Ordinance No. 6 of 1974, which states:
SECTION 4. The City by the enactment of this Ordinance reserves to the Director of Public Works in conjunction with the Director of Public Safety, the right to establish lanes on the Boardwalk for bicycle operators to propel their bicycles and by establishing said lanes to lessen the change of inconvenience or injury to fellow bicyclists and pedestrians.
They argue that the "nonexistence of bicycle lanes and other crowd controlling devices, especially when the City has undertaken to establish them 8 years prior to this injury, does constitute a physical defect in the property."
It should be noted initially that while the plaintiffs allege that a dangerous condition existed for the purposes of recovery under N.J.S.A. 59:4-2, their argument appears to be one grounded in the City's Director of Public Works' failure to enforce a law.
N.J.S.A. 59:2-4 provides that
[a] public entity is not liable for any injury caused by adopting or failing to adopt a law or by failing to enforce any law.
This section has been cited as immunizing a public entity from liability in a number of situations. See Cogsville v. Trenton, *542 supra (no liability for failure to remove a vicious dog from city-owned property); Cadmus v. Long Branch Board of Education, 155 N.J. Super. 42 (Law Div. 1977) (no liability for failure to enforce federal and State work safety regulations); National Spring Co. v. Pierpont Associates, Inc., 146 N.J. Super. 63 (Law Div. 1976) (no liability for failure to enforce fire ordinance).
To the extent that plaintiffs' claim is based upon N.J.S.A. 59:2-4 for the failure of Atlantic City to provide bicycle lanes pursuant to its ordinance, their argument must fall. The Director of Public Works' "failure" to enforce a law, if his conduct in not establishing bicycle lanes even amounted to such a failure, is immunized under N.J.S.A. 59:2-4.
Affirmed.