208 N.J. Super. 328 (1986)
506 A.2d 5
MARGARET STEMPKOWSKI, PLAINTIFF-APPELLANT,
v.
BOROUGH OF MANASQUAN, JOHN DOE (FICTITIOUS NAME), RICHARD DOE (FICTITIOUS NAME), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 2, 1985.
Decided February 21, 1986.
*329 Before Judges FURMAN, PETRELLA and ASHBEY.
Teresa J. Gundersen argued the cause for appellant (Melvin Gittleman attorney, John W. Meyers on the brief).
R. Gregory Leonard argued the cause for respondent (R. Gregory Leonard, attorney, Stephen C. Cahir on the brief).
PER CURIAM.
Plaintiff appeals from a summary judgment dismissing her complaint against defendant municipality and its employees under N.J.S.A. 59:1 et seq. (Tort Claims Act). On this appeal plaintiff argues that a factual issue existed as to whether defendant municipality permitted the existence of a dangerous condition which was causally related to her injury and precludes summary judgment. We are satisfied there was none, and accordingly affirm the judgment in favor of the municipality. *330 We are also satisfied plaintiff has no separate cause of action against the municipal employees, and accordingly affirm judgment in their favor.
On August 7, 1983, plaintiff was injured while attempting to rescue her children who were swimming in the surf off of the beach at Manasquan. The immediate cause of her injury was a wave which knocked her down. Plaintiff filed a complaint against the borough and its employees alleging negligence in not supervising the beach.
Plaintiff's cause of action rested upon sections of the Tort Claims Act which deal with the liability of municipalities and of municipal employees. Plaintiff relied upon N.J.S.A. 59:4-2 which is captioned, "Liability Generally".
N.J.S.A. 59:4-2.
A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
The trial judge found that the municipality and its employees were protected by N.J.S.A. 59:2-7, relating to "Recreational Facilities" N.J.S.A. 59:2-7.
N.J.S.A. 59:2-7.
A public entity is not liable for failure to provide supervision of public recreational facilities; provided, however, that nothing in this section shall exonerate a public entity from liability for failure to protect against a dangerous condition as provided in chapter 4.
*331 This section, by reference, refers back to the meaning of "dangerous condition" in N.J.S.A. 59:4-2, and the construction of this term is crucial to plaintiff's case. Concerning this meaning, plaintiff maintains on appeal:
The critical question before the Court is the absence of lifeguards/beach supervisory personnel which is the direct and proximate result [sic] of injuries sustained by Plaintiff, Margaret Stempkowski. This absence led to her undertaking to rescue her children when left with no alternative.
A dangerous condition was created by the absence of lifeguards and the creation thereby of a forseeable [sic] risk of harm to third parties such as Plaintiff, Margaret Stempkowski. The terms dangerous condition as set forth in N.J.S.A. 59:4-2 have been defined by the Court in the case of Kleinke v. City of Ocean City, 163 N.J. Super. 424 (Law Div. 1978).
Plaintiff's reliance upon Kleinke v. City of Ocean City, supra, is misplaced in two respects. First, the facts she proposed to prove were distinguishable. Plaintiff, in Kleinke alleged being injured by the action of a body surfer, combined with the ocean. The trial court there held that "the concurrence of the actions of a body surfer and the existence of three to six foot waves is capable of creating a `dangerous condition' within the meaning of the New Jersey Tort Claims Act." 163 N.J. Super. at 430. A crucial distinction was made by the court in that case between the combined causes of injury to Kleinke and injury which might be caused by water alone. The court said "if the force of a wave alone  a natural condition of the ocean  had caused plaintiff's injuries, defendant would be immune from liability." Id. at 431.
Moreover, detrimental to plaintiff's position is the express overruling of Kleinke in Sharra v. City of Atlantic City, 199 N.J. Super. 535 (App.Div. 1985), by the following language, "[w]e overrule Kleinke insofar as it holds that a body surfer in three to six foot waves constitutes a `dangerous condition'." Id. at 541. By analysis of the cases interpreting "dangerous condition," Judge Deighan concluded in Sharra that the term "`dangerous condition' ... refers to the physical condition of the property itself and not to activities on the property." Id. at *332 540. See also Vanchieri v. N.J. Sports and Exposition Auth., 201 N.J. Super. 34 (App.Div. 1985).
We are satisfied that the trial judge was correct in granting summary judgment to defendant Manasquan, based upon the absence of a "dangerous condition". There can be no liability on the part of the municipality for injuries caused exclusively by the action of the ocean. The presence or absence of lifeguards was not material, since it was unrelated to physical condition of the property.
Plaintiff also sought damages for liability of unnamed employees of the borough. No specific employees were named in the complaint. The issue is before us because plaintiff contends she was foreclosed by the summary judgment from pursuing the identification of specific employees so that they could be named as defendants. To establish this cause plaintiff must rely upon common law principles and N.J.S.A. 59:3-11.
A public employee is not liable for the failure to provide supervision of public recreational facilities. Nothing in this section exonerates a public employee for negligence in the supervision of a public recreational facility.
We recognize there have been situations in which individual employees, and, vicariously, a public body, have been liable for the negligent actions of public employees in performing their duty of supervision at a public recreational facility. See Law v. Newark Bd. of Ed., 175 N.J. Super. 26 (App.Div. 1980) (group of children actively supervised by Board of Education employees). Presence or absence of supervisory personnel alone, however, is not sufficient. Morris v. Jersey City, 179 N.J. Super. 460, 464 (App.Div. 1981). Nor is it sufficient to allege and prove the existence of ordinances and general supervision responsibilities accepted by the municipality. Sharra v. Atlantic City, 199 N.J. Super. at 540. In material part plaintiff's complaint is identical to the complaint in Sharra. Plaintiff alleged that the municipality and its unidentified employees were negligent in failing to provide supervision.
*333 At no point in this proceeding did plaintiff allege that a specific employee, whether known by name or not, had accepted responsibility for supervision of her or her children when the accident happened. Her allegation was that she saw lifeguards during the afternoon, and that when the accident happened, they were not present or visible.[1]
It was plaintiff's position that by not supervising the beach, the municipality's employees were liable under N.J.S.A. 59:3-11. If the employees were liable, so was the municipality under N.J.S.A. 59:2-2 (providing that the public entity is liable for injuries proximately caused by its employees acting within the scope of their employment).
Characterizing a failure of supervision as an affirmative negligent act does not add to plaintiff's cause of action. The comment to N.J.S.A. 59:2-7 states that the failure to provide supervision is a governmental policy which must remain "free from threat of tort liability", quoting Fahey v. City of Jersey City, 52 N.J. 103, 110 (1968). The law is clear that plaintiff cannot convert this municipality's immunity to liability in the absence of identifying employee conduct, "no matter how minute, evidencing an intention to supervise by way of monitoring, entering into or becoming a part of the activity itself from which the injury sprang." Morris v. Jersey City, 179 N.J. Super. at 464. No such conduct was suggested in this case. General supervision of the area as urged by plaintiff would not suffice. Sharra v. Atlantic City, supra.
Affirmed.
NOTES
[1] The only reference even to this presence is contained in defense counsel's letter of January 10, 1985. Here, defense counsel notes that plaintiff had filed an affidavit in response to the motion for summary judgment in direct contradiction to her prior interrogatories and "stating ... there were guard stands and lifeguards on each of the beaches in front of her when she first arrived at about noon." The accident happened between 3:30 and 4:00 p.m.