**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5913-17T4

ALICIA RIVAS,

    Plaintiff-Appellant,

v.

H&M&A DISHI YEHEZKEL,
COUNTY OF HUDSON,
STATE OF NEW JERSEY,
and NORTH HUDSON
SEWERAGE AUTHORITY,

    Defendants,

and

CITY OF WEST NEW YORK,
and SUEZ WATER f/k/a
UNITED WATER,

    Defendants-Respondents.
_____

Argued September 19, 2019 – Decided December 11, 2019

Before Judges Alvarez, Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4508-16.

Greg D. Shaffer argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Alan K. Albert, on the brief).

Brent M. Davis argued the cause for respondent City of West New York (Scarinci & Hollenbeck, LLC, attorneys; Brent M. Davis, of counsel and on the brief).

Andrew W. Miller argued the cause for respondent Suez Water f/k/a United Water (DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys; Stephen O. Davis, of counsel; Andrew W. Miller, on the brief).

PER CURIAM

Plaintiff Alicia Rivas appeals orders entered in this personal injury case addressing discovery issues, granting summary judgment to defendants Town of West New York (West New York) and Suez Water New Jersey, Inc. (Suez) and denying reconsideration. We affirm the orders.[1]

## I.

Plaintiff alleges that on the night of November 15, 2014, as she was attempting to cross Bergenline Avenue in West New York, she stepped off the sidewalk and fell down sustaining personal injuries. She did not know the exact

---

[1] Plaintiff's amended case information statement lists the following orders: February 16, 2018; March 29, 2018; June 25, 2018; July 6, 2018 (two orders) and August 17, 2018.

location where she fell. She testified, "I know that I put my foot down. There was a hole and my foot ended up halfway inside and halfway outside. And I lost control of my body and I fell." She did not look to see what caused her to fall. She believed she fell in an area where there were two water valve caps in the roadway, each with a depression in the asphalt surrounding the cap that formed a hole. She did not know which cap she was near when she fell. She explained it was not the cap that caused the fall but the depression in the pavement. Plaintiff's photographs of the vicinity, taken two years later and after PSE&G performed work in that area, showed two water valve covers and the surrounding roadway. Plaintiff testified the photographs depicted the area as it looked on the day of the accident and circled both of the water valve covers as the location where she fell.

Suez owns and maintains the water distribution system in West New York, including the shut-off valves and covers plaintiff identified in the photographs. West New York owns and maintains Bergenline Avenue in this area. Neither defendant had a record of receiving any complaints about the asphalt or water valve covers in that location.

In 2016, plaintiff filed a personal injury complaint against West New York and Suez and the parties conducted discovery. On December 22, 2017, the trial

3

court extended discovery to February 28, 2018, but set a deadline of December 31, 2017, for plaintiff to serve expert reports. This was the second extension of discovery. On February 16, 2018, the trial court granted in part plaintiff's request to extend discovery for a third time, but limited the scope for the purpose of plaintiff's surgery that was scheduled to take place a few days later. The order adjusted relevant discovery deadlines. Plaintiff's medical expert reports were due at the end of March 2018; defendant's final reports, following plaintiff's re-examination, were due in early May 2018. The order set a deadline to re-depose plaintiff and a discovery end date of May 4, 2018. The scheduled arbitration was adjourned.

In March 2018, Suez filed a motion to bar plaintiff's liability expert report that plaintiff served for the first time in February 2018. Over opposition, the court entered an order on March 29, 2018, barring the report and testimony of this liability expert, reasoning that discovery had been extended in the February 16, 2018 order only for plaintiff's surgery and not for liability reports. Plaintiff's motion for reconsideration of this order was denied on June 25, 2018, because the court had "not learned of any mistake or palpably incorrect decision . . . ." The court allowed defendants to amend interrogatories to add medical reports that were consistent with the February 16, 2018 order.

A-5913-17T4

West New York and Suez filed motions for summary judgment in June 2018. Suez contended it did not own or maintain the roadway where plaintiff fell. West New York argued there were no genuine issues of fact about its lack of liability to plaintiff under the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (TCA).

The trial court granted summary judgment to both defendants on July 6, 2018. It explained plaintiff did not provide expert testimony to show that the depressions in the asphalt were caused by Suez's water valve and cover, that the depressions constituted a dangerous condition or that Suez had knowledge of them. "[P]laintiff [could not] identify which particular area of the two water valves and covers" had caused her fall. Summary judgment was granted to West New York because the court found there was no dispute of fact West New York had actual or constructive notice of the depressions or that its actions or inactions were palpably unreasonable. Plaintiff could not "identify which defect was the one which caused her to fall" and that precluded her from "sustain[ing] her burden of [proving] a dangerous condition." On August 17, 2018, the trial court denied plaintiff's motion for reconsideration because it simply "recapitulate[d] arguments previously made."

On appeal, plaintiff argues that the trial court erred by denying her motion to extend discovery and by barring her liability expert report and testimony

5

because the case presented exceptional circumstances.  She contends the court should not have granted summary judgment to West New York or Suez because she presented sufficient credible evidence about each element of her claim and sufficiently identified the defect causing her fall.  She argued summary judgment motions were premature because they were returnable sooner than thirty days prior to trial.[2]  Plaintiff argues the court erred by denying reconsideration of the challenged orders.

## II.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court.  Conley v. Guerrero, 228 N.J. 339, 346 (2017).  Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

---

[2]  When properly calculated, the motion was returnable more than thirty days prior to trial.  R. 4:46-1.  This point does not merit further discussion.  R. 2:11-3(e)(1)(E).

We agree with the trial court that summary judgment was appropriate. "To prevail on a claim of negligence, a plaintiff must establish four elements: (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." Fernandes v. DAR Dev. Corp., 222 N.J. 390, 403-04 (2015).

Plaintiff claims that she fell because of a depression in the roadway around the water valve cap and not because of the water cap itself. "[W]hether a defendant owes a legal duty to another and the scope of that duty are generally questions of law for the court to decide." Morris v. T.D. Bank, 454 N.J. Super. 203, 209 (App. Div. 2018) (alteration in original) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). The scope of that duty is also a matter of law. Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997).

There was no evidence Suez was responsible for the maintenance or repair of the area around the water cap. There was no evidence Suez was aware of the depressions around the caps or even how long they were present. The water cap itself was flat and not the cause of the fall according to plaintiff. Based on the undisputed record, plaintiff did not establish Suez had a duty to her to maintain the area around the caps. In the absence of a duty, there was no liability by Suez for negligence.

A-5913-17T4

Plaintiff was not certain which depression in the road was the cause of her accident. Proximate cause consists of "'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred.'" Townsend v. Pierre, 221 N.J. 36, 52 (2015) (quoting Conklin v. Hannoch Weisman, 145 N.J. 395, 418 (1996)).

> [T]o prove the element of causation, plaintiff[] bear[s] the burden to 'introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.'
>
> [Townsend, 221 N.J. at 60-61 (quoting Davidson v. Slater, 189 N.J. 166, 185 (2007)).]

Plaintiff cannot show which hole was the proximate cause of her accident because she is not certain where she fell. She argued that the water valve cap may have caused the depression in the roadway, but she did not have an expert to support that as a theory of causation. On this record, plaintiff was not able to establish her accident was caused by any condition attributable to Suez.

A-5913-17T4

Plaintiff must prove liability against West New York under the TCA. A public entity is responsible for a dangerous condition of public property. To establish liability, plaintiff must prove:

> that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> b. a public entity had actual or constructive notice of the dangerous condition under . . . [N.J.S.A.] 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> [N.J.S.A. 59:4-2.]

The term "dangerous condition" is defined as a "condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). There must be a defect in the "physical condition of the property itself . . . ." Levin v. Cty of Salem, 133 N.J. 35, 44 (1993) (quoting Sharra v. City of Atlantic City, 199 N.J. Super. 535, 540 (App. Div. 1985)).

Because plaintiff cannot identify the hole that caused her fall, she is not able to prove what condition of public property was dangerous or even that she

9

was using it with the due care in a manner that was reasonably foreseeable. She did not establish how long the depressions were present in either location, whether the public entity was or should have been aware of them or what was palpably unreasonable[3] about West New York's conduct in this location. There was no evidence West New York had notice of any problem with the roadway generally, or more specifically, for pedestrians in that area. Plaintiff did not show what behavior by the public entity was such that no prudent person would approve of its course of action or inaction. Because none of these facts was disputed, plaintiff could not establish liability by West New York under N.J.S.A. 59:4-2.

## III.

Plaintiff contends the court abused its discretion in the February 16, 2018 order by limiting the discovery extension to the issue of plaintiff's surgery. She contends she needed additional time due to exceptional circumstances outside her control, the exercise of due diligence and the complexity of the litigation.

---

[3] The term "palpably unreasonable" is "behavior that is patently unacceptable under any given circumstance . . . . [F]or a public entity to have acted or failed to act in a manner that is palpably unreasonable, it must be manifest and obvious that no prudent person would approve of its course of action or inaction." Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 459 (2009) (alterations in original) (quoting Kolitch v. Lindedahl, 100 N.J. 485, 493 (1985)).

Plaintiff argues the "totality of the circumstances" showed an abuse of discretion by the trial court.

Rule 4:24-1(c) provides in pertinent part that "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." To extend discovery based on exceptional circumstances, a moving party must show:

> (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Castello v. Wohler, 446 N.J. Super. 1, 25 (App. Div. 2016) (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 79 (App. Div. 2005)).]

Plaintiff never specified what circumstances prevented her from completing discovery or were beyond the control of either her attorney or herself. Discovery had been extended twice before the February 16, 2018 order. On this record, the court did not abuse its discretion in limiting the discovery extension to plaintiff's surgery.

A-5913-17T4

Plaintiff alleges the trial court abused its discretion because it barred plaintiff's liability report. "In reviewing a trial court's evidential ruling, an appellate court is limited to examining the decision for abuse of discretion." Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008) (citing Brenman v. Demello, 191 N.J. 18, 31 (2007)). The general rule as to the admission or exclusion of evidence is that "[c]onsiderable latitude is afforded a trial court in determining whether to admit evidence, and that determination will be reversed only if it constitutes an abuse of discretion." State v. Feaster, 156 N.J. 1, 82 (1998). Under this standard, an appellate court should not substitute its own judgment for that of the trial court, unless "the trial court's ruling 'was so wide of the mark that a manifest denial of justice resulted.'" State v. Marrero, 148 N.J. 469, 484 (1997) (quoting State v. Kelly, 97 N.J. 178, 216 (1984)).

Plaintiff's liability report was served for the first time after the December 31, 2017 deadline for expert reports and importantly, was served after the court denied plaintiff's motion to extend discovery. Plaintiff did not identify what circumstances prevented service of the report prior to this, given the prior discovery extensions. The court did not abuse its discretion in barring this report.

Plaintiff also appeals the denial of two motions for reconsideration. Our review is limited. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). Reconsideration is not appropriate merely because a litigant is dissatisfied with a decision. D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration is appropriate only where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid.

Plaintiff's motions for reconsideration merely restated her prior arguments. The court did not abuse its discretion in denying these motions.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5913-17T4