**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1289-22

JOSEPH M. SHAY, JR., by and
through his Guardian Ad Litem,
Joseph M. Shay,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

HOLMDEL TOWNSHIP
BOARD OF EDUCATION,
VILLAGE ELEMENTARY
SCHOOL, and GENERAL
RECREATION, INC.,[1]

      Defendants/Third-Party
      Plaintiffs-Respondents/
      Cross-Appellants,

v.

LAURA SHAY and GENERAL
RECREATION, INC.,

      Third-Party Defendants.

_____

---

[1] Defendant General Recreation, Inc. was dismissed from the matter without prejudice by way of a stipulation.

Submitted March 20, 2024 – Decided May 13, 2024

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0746-21.

Ansell Grimm & Aaron, PC, attorneys for appellant/cross-respondent (Brian E. Ansell, on the briefs).

Anderson & Shah, LLC, attorneys for respondent/cross-appellant (Todd Stephen McGarvey, of counsel and on the briefs).

PER CURIAM

Plaintiff Joseph M. Shay, a minor by his guardian ad litem, appeals from the summary judgment dismissal of his second amended complaint against defendants and third-party plaintiffs Holmdel Township Board of Education (BOE) and Village Elementary School (collectively defendants). Plaintiff was injured after school hours while using defendants' second-grade playground when another child who was playing tag ran into his arm and knocked him down. The child who ran into plaintiff was running across steps towards a platform on the playground and standing on the same step as plaintiff when he bumped into him.

Defendants moved for summary judgment, arguing plaintiff's second amended complaint was barred by the immunity provisions of the New Jersey

Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3. Defendants also argued they were entitled to summary judgment because they did not owe plaintiff a duty of supervision, and plaintiff's liability expert, Elise Dann, rendered a net opinion. In her report, Dann opined plaintiff "lost his balance while stepping from a moving suspended pod onto the landing deck of the composite playground equipment" and he "fell against the edge of the landing deck and was injured."

Dann concluded that: (1) "[t]he failure of Holmdel [BOE] to provide a proper gate for a complete fenced enclosure . . . , allowed unsupervised access to the playground, which was a proximate cause of [plaintiff's] playground injuries"; and (2) "[t]he failure of the Holmdel [BOE] and its agents to provide adult supervision in accordance with their own rules, when they knew or should have known that children were present and would be attracted to and use the playground, was a substantial contributing factor in [plaintiff's] playground injuries." The record shows Dann relied on an account provided by plaintiff's counsel, and she did not issue any subsequent report after discovery or depositions were completed.

The motion judge considered the summary judgment record and oral argument. As a matter of law, the motion judge determined that the unsecured playground was not a dangerous condition under N.J.S.A. 59:4-2. She further

concluded that the "palpably unreasonable" standard under N.J.S.A. 59:4-2, and not the "ordinary negligence" standard in N.J.S.A. 59:2-2, was the applicable legal standard under which to consider plaintiff's claim.

The motion judge found plaintiff failed to show: there was a physical defect in the playground; that a dangerous condition of the playground caused his fall; and that defendants created a dangerous condition or had notice of a dangerous condition in sufficient time prior to Joseph's fall to correct any defects. The judge also found plaintiff's liability expert rendered a net opinion. Accordingly, the judge dismissed plaintiff's second amended complaint with prejudice.

On appeal, plaintiff argues the heightened palpably unreasonable standard, found in N.J.S.A. 59:4-2, is inapplicable to his claims and the ordinary negligence standard applies. Alternatively, he contends the evidence sufficiently shows the unsecured playground with an opening in the fence constituted a dangerous condition, defendants' conduct was palpably unreasonable, and his claims for liability should not have been dismissed as a matter of law. Defendants cross-appeal and challenge the judge's ruling that plaintiff established a substantial permanent bodily injury under N.J.S.A. 59:9-2(d).

We have considered these arguments in light of the record and applicable law. We affirm the dismissal of plaintiff's second amended complaint because there are no genuine issues of material fact that precluded judgment as a matter of law under Rule 4:46-2(c), and dismiss defendants' cross-appeal as moot.

I.

Viewed in the light most favorable to plaintiff, Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh, 224 N.J 189, 199 (2016), the pertinent facts are as follows. On March 11, 2019, plaintiff, then age nine, was using the playground while his sister participated in an extracurricular soccer clinic at Village Elementary School not affiliated with defendants. The playground was surrounded by a fence with an opening in it located near a parking lot.

Plaintiff's mother, third-party defendant Laura Shay, took her son to the playground and was supervising him at the time he fell. She testified at her deposition that she did not know what caused her son to fall. At her deposition, Shay testified that she did not believe the playground or equipment plaintiff was playing on was dangerous or unsafe.

As a result of his fall, plaintiff sustained the following injuries: a displaced left wrist radius fracture; angulated left wrist ulna facture; and

5

compartment syndrome of the dorsal left forearm, volar left forearm, and left carpal tunnel. These injuries required two surgical procedures and a ten-day hospitalization. Plaintiff has scarring of his left wrist and forearm as a result of the surgeries and experiences weakness and occasional pain from his injuries. Plaintiff filed a complaint asserting tort claims against the Holmdel BOE and Village Elementary School arising out of the playground accident.

Defendants filed a motion to dismiss under Rule 4:6-2(e) in lieu of filing an answer. The motion judge granted defendants' motion, in part, and dismissed the third count of the complaint alleging nuisance. Defendants filed an answer and a counterclaim against plaintiff's mother alleging negligent supervision. To avoid a conflict of interest, Joseph Shay, Sr., plaintiff's father, substituted as guardian ad litem for plaintiff.

Avoiding reference to the TCA, plaintiff's second amended complaint, the operative pleading, alleged defendants' playground and premises were unsafe for his use, "[c]hildren were free to enter the unguarded playground through the ungated entrance without adult supervision," there was "no sign present near the ungated entrance stating that adult supervision was required," but a sign was present "near the locked double gate on the opposite side of the playground" stating adult supervision was required, and the playground was "negligently"

maintained and "created a dangerous condition" by permitting "students to gain unlimited and unsupervised access" through the opening in the fence and children were allowed to play "without adult supervision." Also, plaintiff alleged defendants failed to warn persons of the "dangerous and hazardous conditions" that caused him to "sustain substantial and permanent injuries."

Following discovery, defendants moved for summary judgment, maintaining there was no dangerous condition on their property, and plaintiff failed to establish prima facie evidence that defendants' conduct was palpably unreasonable. See N.J.S.A. 59:4-2. Defendants also asserted plaintiff failed to meet the injury threshold set forth in N.J.S.A. 59:9-2(d), by not supplying objective medical evidence of a permanent loss of a bodily function.

Plaintiff opposed the motion, arguing defendants' failure to completely enclose the playground constituted negligence, which led to his access to the playground when defendants were not present to supervise the activities of individuals utilizing the playground. Plaintiff also claimed that defendants' failure to completely secure the playground allowed an access point in the otherwise locked enclosure and permitted children to utilize the playground. Plaintiff contended defendants' action were "palpably unreasonable" and created a triable issue of fact.

A-1289-22

## II.

"The TCA indisputably governs causes of action in tort against governmental agencies within New Jersey." Gomes v. Cnty. of Monmouth, 444 N.J. Super. 479, 487, (App. Div. 2016); see also N.J.S.A. 59:2-1(a) (concerning immunity of public entity generally); Nieves v. Off. of the Pub. Def., 241 N.J. 567, 571 (2020).

Under the TCA, a public entity has a duty of care different from "that . . . owed under the negligence standard." Polzo v. Cnty of Essex, 209 N.J. 51, 76 (2012); see also Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 460 (2009) (discussing when the palpably unreasonable conduct standard, which is higher than the ordinary negligence standard, applies to a public employee). When asserting a claim for injuries under the TCA, the plaintiff has the burden of satisfying each element of a cause of action under N.J.S.A. 59:4-2. Polzo, 209 N.J. at 66; Carroll v. N.J. Transit, 366 N.J. Super. 380, 386 (App. Div. 2004) ("[N.J.S.A. 59:4-2(a) - (b)] places the burden squarely on the plaintiff to prove each of its elements . . . ."). A failure to present sufficient evidence establishing any element of a cause of action under N.J.S.A. 59:4-2 requires dismissal of the claim. See Polzo, 209 N.J. at 66.

Only in limited circumstances are public entities liable in tort under the TCA for injuries caused by conditions of a property. Under N.J.S.A. 59:4-2, a public entity is liable for injuries caused by the entity's property only where plaintiff established: (1) the public entity's "property was in dangerous condition at the time of the injury"; (2) "the injury was proximately caused by the dangerous condition"; (3) "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred"; and (4) "a negligent or wrongful act or omission of [a public] employee . . . created the dangerous condition" or "a public entity had actual or constructive notice of the dangerous condition . . . ." Stewart v. Turnpike Auth., 249 N.J. 642, 656 (2022) (citation omitted) (quoting N.J.S.A. 59:4-2).

A public entity is not liable for a dangerous condition of its property "if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable." Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 125 (2001) (quoting N.J.S.A. 59:4-2).

Plaintiff argues the material facts are disputed. He contends the omission of defendants to completely secure the subject playground by allowing there to be an open access point in the otherwise locked enclosure allowing children to enter and utilize the playground equipment without supervision was "palpably

9                                                                        A-1289-22

unreasonable," created a dangerous condition, and should have been determined by a trier of fact.  Plaintiff asserts the open space in the fence, without a gate or similar mechanism, allowed unfiltered access to the playground and caused his injury.  Plaintiff's arguments are belied by the record.

Liability will be found if "a public entity had actual or constructive notice of the dangerous condition under [N.J.S.A.] 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." N.J.S.A. 59:4-2(b).  The public entity is

> deemed to have constructive notice of a dangerous condition . . . only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character.
>
> [N.J.S.A. 59:4-3(b).]

The Legislature did not intend to impose liability for a condition merely because danger may exist.  See Levin v. Cnty. of Salem, 133 N.J. 35, 49 (1993).  Rather, "[d]angerous condition" is a defined term and "means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1.  Therefore, "[t]he dangerous condition, which is the predicate for liability of a public entity under N.J.S.A. 59:4-2, must be a dangerous

condition inherent in property 'owned or controlled' by the public entity." Dickson ex rel. Duberson v. Twp. of Hamilton, 400 N.J. Super. 189, 196 (App. Div. 2008) (alterations omitted) (citation and internal quotation marks omitted). A dangerous condition must be a "'physical condition of the property itself'"; it does not refer "'to activities on the property.'" Levin, 133 N.J. at 44 (quoting Sharra v. City of Atlantic City, 199 N.J. Super. 535, 540 (App. Div. 1985)).

There is little doubt plaintiff's injury did not result because defendants' property "was in dangerous condition at the time of [his] injury." "Consistent with the Legislature's purpose of providing broad immunity under the Act, . . . the Legislature also intended a broad reading of the dangerous condition of public property provisions of N.J.S.A. 59:4-2, with its higher standard for imposition of liability." Ogborne, 197 N.J. at 459-60.

Here, we conclude the motion judge correctly found plaintiff's injury resulted from another child bumping into him and not from any physical defect at the playground. Like in Levin, the motion judge duly noted that "a lack of fencing did not create a defect by itself." Moreover, plaintiff's mother was supervising him and did not believe the playground or equipment her son was playing on was dangerous or unsafe. Plaintiff's fall was an unfortunate accident. But even viewing the facts most favorably to plaintiff, a reasonable jury could

11

not conclude defendants were negligent, let alone palpably unreasonable, for not completely enclosing the playground.

We have carefully reviewed plaintiff's remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). In light of our decision, we need not address defendants' cross-appeal.

Affirmed. The cross-appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1289-22