**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3648-22

NELLY REIS, a/k/a
NELLY GONCALVES and
DAVID GONCALVES,

     Plaintiffs-Appellants,

v.

CITY OF NEWARK,

     Defendant-Respondent.

_____

          Submitted October 1, 2024 – Decided December 17, 2024

          Before Judges Bishop-Thompson and Augostini.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2229-21.

          DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys for appellants (Paul R. Rizzo, on the briefs).

          Kenyatta K. Stewart, Corporation Counsel, attorney for respondent (Ronald Kleckley, Assistant Corporation Counsel, on the brief).

PER CURIAM

In this trip-and-fall matter, plaintiffs Nelly Reis a/k/a Nelly Goncalves and her husband, David Goncalves, appeal the trial court's order granting summary judgment and dismissing the complaint, which had asserted a claim for Nelly's personal injury pursuant to the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, against defendant City of Newark (Newark), and a per quod claim for David based on his wife's injuries.[1]  We affirm.

I.

We glean the facts from the summary judgment record, viewing the facts in the light most favorable to plaintiffs as the non-moving party.  Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023).  On March 25, 2020, Nelly parked her car and walked to her office located at 52-54 Rome Street in Newark. Nelly claimed that was the first time she parked on the corner of Rome Street and Niagara Street because she could not park on Niagara Street due to street cleaning.

While walking to work, Nelly crossed the intersection of Rome and Niagara outside of the crosswalk.  She tripped and fell in a pothole, a couple feet outside of the crosswalk and approximately 100 feet from her office.  As a result

---

[1]  The parties share the surname Goncalves, we refer to the parties by their first names for clarity and intend no disrespect by doing so.

of the fall, Nelly sustained injuries.  At her deposition, Nelly testified she was familiar with the neighborhood but did not recall seeing the pothole on Rome Street before she fell.

Nelly timely filed a tort claim notice and subsequently filed a complaint, asserting the large pothole in the roadway created a dangerous condition.  David asserted a per quod claim.  Discovery ensued.

After the close of discovery, Newark moved for summary judgment. Newark relied on the deposition of Newark's Supervisor of Street Repairs Unit (SRU) Dexter Cobb, who testified that he lacked actual notice of the pothole at the intersection of Rome and Niagara Streets before or in March 2020.  Cobb further testified he did not become aware of the pothole until he received a copy of Nelly's tort claim notice from Newark's Law Department.  Cobb then inspected the pothole and instructed the SRU crew to cover the pothole. Although Cobb could not provide the pothole dimensions, he described the pothole as sunken.

Cobb testified that in March 2020, the SRU consisted of a four-member crew.  He explained the SRU did not maintain a systematic road inspection program and learned of potholes through emails, text messages, phone calls,

3

inspections, and Newark's 4-3-1-1 system.[2]  He further explained the SRU's practice is to list the street address where the repair occurred and the nearest cross street, even if the repair was not done at an intersection.

In support of its motion, Newark also relied on the Department of Public Works Daily Pothole Repair Report dated January 9, 2020.  The report showed the SRU repaired a pothole on Rome Street near the intersection of Niagara Street.  Nelly did not depose any employee listed on the repair report.

In opposing Newark's motion, Nelly relied on her deposition testimony and affidavits from three co-workers, two of which were produced after the close of discovery.  Each affidavit, in identical language, stated:

> [Name of the affiant], being of full age, upon [his/her] oath, does hereby state:
>
> 1.      I am an employee of . . . located at 52-54 Rome Street, Newark, New Jersey.  I was employed at such location as of March 25, 2020, and prior to that date.
>
> 2.      I became aware of an accident which occurred in March 2020 involving my coworker, Nelly Reis, which, to my understanding, occurred when she stepped in a pothole at the intersection of Rome Street and Niagara Street close to our place of employment.  Due to my employment, I was familiar with the area.

---

[2]  The 4-3-1-1 system is a Non-Emergency Call Center put in place for citizens to complain about roadway defects, as well as other government service.

A-3648-22

3.   I was shown two photographs of the pothole which were taken in July 2019 and October 2020. The photographs are attached hereto as Exhibits A and B. The pothole existed in the location as depicted in these photographs for a long period of time, many months, prior to Nelly Reis's accident. The pothole appeared throughout that time as it appears in these photographs.

Nelly also submitted two Google Earth images of the intersection of Rome and Niagara: one from July 2019 and another from October 2020.

On July 26, 2023, after hearing argument, the motion judge issued an oral decision granting Newark's motion for summary judgment. On appeal, plaintiffs argue the court erred in granting summary judgment because there was sufficient evidence that Newark had constructive notice of the pothole. The undisputed material facts do not support that argument and, therefore, we reject it.

The TCA "indisputably governs causes of action in tort against governmental agencies within New Jersey." Gomes v. Cnty. of Monmouth, 444 N.J. Super. 479, 487 (App. Div. 2016); see also N.J.S.A. 59:2-1(a); Nieves v. Off. of the Pub. Def., 241 N.J. 567, 571 (2020). Under the TCA, a public entity has a duty of care different from "that . . . owed under the negligence standard." Polzo v. Cnty. of Essex, 209 N.J. 51, 76 (2012); see also Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 460 (2009).

When asserting a claim for injuries under the TCA, plaintiff has the burden of satisfying each element of a cause of action under N.J.S.A. 59:4-2: (1) the property was in "dangerous condition [ at the time of the injury]"; (2) "the [dangerous condition] proximately caused the injury"; (3) "[the dangerous condition] created a reasonably foreseeable risk of the kind of injury which was incurred"; and (4) either "a negligent or wrongful act or omission of [a public] employee . . .[ created] or knew about the dangerous condition" or "a public entity had actual or constructive notice of the dangerous condition[.]" Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 656 (2022) (citation omitted) (quoting N.J.S.A. 59:4-2). A failure to present sufficient evidence establishing any element of a cause of action under N.J.S.A. 59:4-2 requires dismissal of the claim. Polzo, 209 N.J. at 66; see also Carroll v. N.J. Transit, 366 N.J. Super. 380, 386 (App. Div. 2004).

The critical inquiry in this appeal is whether Newark had constructive notice of the dangerous condition of the pothole. In that regard, Nelly argues genuine material facts are in dispute and should be presented to a jury. Nelly contends (1) she used due care and in a reasonably foreseeable manner, (2) sufficient evidence had been produced to establish constructive notice, and (3)

6

sufficient evidence was produced to show Newark acted in a palpably unreasonable manner. Nelly's arguments are belied by the record.

The term "dangerous condition" is defined as a "condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). There must be a defect in the "physical condition of the property itself . . . ." Levin v. Cnty. of Salem, 133 N.J. 35, 44 (1993) (quoting Sharra v. City of Atlantic City, 199 N.J. Super. 535, 540 (App. Div. 1985)).

Whether a property is in a "dangerous condition" is generally a question for the finder of fact. Vincitore ex rel. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 123 (2001). Nonetheless, that determination is subject to the court's preliminary assessment of whether a reasonable factfinder could conclude from the evidence presented by plaintiff that the property was in a dangerous condition. Id. at 124.

Under the TCA, a public entity is liable for potholes or a depression in a roadway only when the public entity is on actual or constructive notice of a dangerous condition; and the public entity's failure to protect against the roadway defect is palpably unreasonable. Polzo, 209 N.J. at 55. Thus, a public entity is deemed to have constructive notice of a dangerous condition only where

7

"plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3(b).

Nelly argues the material facts are disputed regarding constructive notice. She further argues that although she did not provide evidence of a complaint regarding the pothole, she produced sufficient evidence through her deposition testimony, video, the July 2019 and October 2020 Google Earth images, and three affidavits to support the existence of the pothole. The record, however, shows otherwise. There is no evidence in the record that Newark had any notice of the pothole in March 2020. Contrary to Nelly's contentions, the evidence in the record falls short of the competent evidence necessary to show Newark had constructive notice of the pothole. Accordingly, we reject Nelly's contentions.

Further, Nelly did not proffer any evidence that Newark acted in a palpably unreasonable manner. The record shows Newark was not aware of the pothole in March 2020. Additionally, Nelly has not demonstrated that Newark's failure to take action to protect pedestrians from tripping in the pothole was "palpably unreasonable." N.J.S.A. 59:4-2. Nor did Nelly show that behavior by Newark employees was such that "no prudent person would approve of its

course of action or inaction." <u>Gonzalez by Gonzalez v. City of Jersey City</u>, 247 N.J. 551, 576 (2021). Simply stated, the record is barren of any evidence that Newark acted or failed to act in a palpably unreasonable manner.

Lastly, we reject Nelly's argument that the motion judge "misunderstood" the admissibility of the photographs. Nelly conflates photographs with the images of Rome Street downloaded from Google Earth relied upon by Nelly's three coworkers in the affidavits attesting the potholes had existed for a substantial period of time before Nelly's fall. Nelly does not offer any competent testimony as to whether the two images were satellite or aerial images, how or when the images were captured, and if the images were altered. We, therefore, hold, those Google Earth images were insufficient competent evidence and not authenticated to defeat a motion for summary judgment.

Having reviewed the record de novo and in the light most favorable to Nelly, we find no reason to reverse the motion judge's conclusion because Nelly failed to meet her burden and establish Newark had or should have had constructive notice of the pothole on Rome Street. Additionally, David's per quod claim fails because Nelly does not have a cognizable claim. <u>See</u> <u>Russo v. Nagel</u>, 358 N.J. Super. 254, 270 (App. Div. 2003) (citing <u>Rex v. Hutner</u>, 26 N.J.

489, 492 (1958)).  We, therefore, conclude plaintiffs' complaint was properly dismissed with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3648-22