**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2262-23

SUSAN BARANOWSKI,

    Plaintiff-Appellant,

v.

CITY OF NEWARK,

    Defendant-Respondent.

_____

> Submitted November 6, 2024 – Decided March 11, 2025
>
> Before Judges Bishop-Thompson and Augostini.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0181-22.
>
> Christopher J. Culleton (Swartz Culleton, PC) and Anton Robert Tupa (Swartz Culleton, PC), attorneys for appellant.
>
> Brooks & Berne, PLLC, attorneys for respondent (Candace R. Johnson and Vanesa L. Ridore, on the brief).

PER CURIAM

In this personal injury matter, plaintiff Susan Baranowski appeals from a March 1, 2024 Law Division order granting summary judgment in favor of defendant City of Newark and dismissing her complaint. We affirm.

## I.

We glean the facts from the summary judgment record, viewing the facts in the light most favorable to plaintiff as the non-moving party. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023). In September 2020, plaintiff walked across Peerless Place near Frelinghuysen Avenue in Newark towards her parked car. At her deposition, plaintiff testified she looked "ahead to her car" and stepped in a pothole in the middle of the street, tripped and fell, and injured her ankle. However, plaintiff was unable to identify the location of the pothole depicted in Google Earth photographs of the street or where she was walking.

According to plaintiff, Peerless Place is a "busy" street with "a lot of garbage trucks" and a "half-way house" with "trucks that come in and out of [the house]." She described the street as "an uneven surface with rocks usually on it because . . . it gets broken up easily." Plaintiff, however, did not make a complaint with Newark regarding the condition of the street to this incident.

A couple days later, plaintiff sought medical treatment from an urgent care facility and was diagnosed with a non-displaced ankle fracture. She then treated

with an orthopedist and her ankle was placed in a cast.  Plaintiff took paid time off from work while undergoing six weeks of physical therapy.

At his deposition, Newark's Project Coordinator of Construction Dexter Cobbs explained that in 2020 there was only one pothole crew consisting of five employees.[1]  He further explained the pothole crew is responsible for pothole repairs across all 265 miles of roads in Newark.  The crew focuses on residential areas and high-traffic tractor-trailer streets when repairing the streets.  According to Cobbs, Peerless Place is the type of street that would be visited more than once per year because of the "very heavy truck use" and "heavy incidents of potholes."

Cobbs testified Newark maintains a database of all pothole repairs completed in Newark.  He explained that details of the potholes repaired are entered into this database after the crew completes their work for the day.  The crew is notified of potholes through emails, telephone calls, and the 4-3-1-1 system.[2]  Cobbs received notice about the pothole from Newark's Law Department after plaintiff filed a tort claim notice.  He then reviewed the

---

[1] Cobbs testified that shortly before the deposition, the job title was changed from Supervisor of Street Repairs to Project Coordinator of Construction.

[2] The 4-3-1-1 is Non-Emergency Call Center for citizens to complain about roadway defects, as well as other government services.

A-2262-23

database and saw no complaints regarding potholes on Peerless Place were made from 2017 to September 2020.

Plaintiff filed a complaint against Newark pursuant to the Torts Claim Act (TCA), N.J.S.A. 59:1-1 to 12-3, asserting negligence. Newark filed an answer, asserting various affirmative defenses.

Following the close of discovery, Newark moved for summary judgment, arguing plaintiff failed to establish liability under the TCA. Plaintiff opposed the motion, contending she established Peerless Place constituted a dangerous condition and therefore established negligence.

After hearing the parties' arguments, in an oral opinion rendered on March 1, 2024, the trial court granted Newark's motion and dismissed plaintiff's complaint. The court reasoned plaintiff had not met her burden because there was no evidence in the record that Newark had constructive notice of the pothole nor how long the pothole had been on Peerless Place prior to plaintiff's fall. The court also determined the Google Earth photographs relied on by plaintiff were not authenticated. This appeal followed.

II.

Plaintiff argues there was sufficient evidence in the record to find constructive notice and unreasonable conduct on the part of Newark. In making that argument, plaintiff relies on (1) her "own recollection" of the "rough and

uneven surface" of the street "going back years," (2) contemporaneous photographs and "historical third party self-authenticating photographs akin to a newspaper or periodical," and (3) Cobbs's deposition testimony. Plaintiff further argues there was sufficient evidence to defeat Newark's summary judgment motion considering all the evidence and inferences given in her favor. We reject plaintiff's argument because it is not supported by the record.

The TCA "indisputably governs causes of action in tort against governmental agencies within New Jersey." Gomes v. Cnty. of Monmouth, 444 N.J. Super. 479, 487 (App. Div. 2016); see also N.J.S.A. 59:2-1(a); Nieves v. Off. of the Pub. Def., 241 N.J. 567, 571 (2020). Under the TCA, a public entity has a duty of care different from "that . . . owed under the negligence standard." Polzo v. Cnty. of Essex, 209 N.J. 51, 76 (2012); see also Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 460 (2009).

When asserting a claim for injuries under the TCA, plaintiff has the burden of satisfying each element of a cause of action under N.J.S.A. 59:4-2: (1) the property was in "dangerous condition [at the time of the injury]"; (2) "the [dangerous condition] proximately caused the injury"; (3) "[the dangerous condition] created a reasonably foreseeable risk of the kind of injury which was incurred"; and (4) either "the dangerous condition was caused by a negligent employee or the entity knew about the condition, and that the entity's conduct

5

was palpably unreasonable." Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 656 (2022) (citation and internal quotation marks omitted) (quoting N.J.S.A. 59:4-2).  A failure to present sufficient evidence establishing any element of a cause of action under N.J.S.A. 59:4-2 requires dismissal of the claim.  Polzo, 209 N.J. at 66; see also Carroll v. N.J. Transit, 366 N.J. Super. 380, 386 (App. Div. 2004).

The term "dangerous condition" is defined as a "condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used."  N.J.S.A. 59:4-1(a).  There must be a defect in the "physical condition of the property itself . . . ."  Levin v. Cnty. of Salem, 133 N.J. 35, 44 (1993) (quoting Sharra v. City of Atlantic City, 199 N.J. Super. 535, 540 (App. Div. 1985)).

"Whether a property is in a 'dangerous condition' is generally a question for the finder of fact."  Vincitore ex rel. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 123 (2001) (citation omitted).  Nonetheless, that determination is subject to the court's preliminary assessment of whether a reasonable factfinder could conclude from the evidence presented by plaintiff that the property was in a dangerous condition.  Id. at 124.

Under the TCA, a public entity is liable for potholes or a depression in a roadway only when the public entity is on actual or constructive notice of a

dangerous condition; and the public entity's failure to protect against the roadway defect is palpably unreasonable. Polzo, 209 N.J. at 55. Thus, a public entity is deemed to have constructive notice of a dangerous condition only where "plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3(b).

We are not persuaded by plaintiff's argument that Newark had constructive notice of the dangerous condition of the pothole. There is no competent evidence in the record that the pothole on Peerless Place existed for years. It is undisputed that Newark was unaware of the street condition because no complaints were made by telephone, emails, or the 4-3-1-1 system from 2017 to 2020.

We reject plaintiff's argument that Google Earth photographs are historical and "akin" to a newspaper or periodical. There is no competent testimony on the record regarding the reliability of Google Earth images, how or when the images were captured, and if the images were altered. See N.J.R.E. 901; Rodd v. Raritan Radiologic Assocs., P.A., 373 N.J. Super. 154, 165 (App. Div. 2004). We, therefore, hold those Google Earth images were insufficient competent evidence and not authenticated to defeat a motion for summary

judgment. Thus, the evidence in the record falls short of the competent evidence necessary to show Newark had constructive notice of the pothole.

The record is similarly devoid of any competent evidence that Newark acted in a palpably unreasonable manner. As noted above, Newark was not aware of the pothole until plaintiff's incident. There is also no evidence in the record that Newark failed to take action to protect pedestrians from tripping in the pothole while walking in the middle of the street or was "palpably unreasonable." N.J.S.A. 59:4-2. Nor does the record show that behavior by Newark employees was such that "no prudent person would approve of its course of action or inaction." Gonzalez by Gonzalez v. City of Jersey City, 247 N.J. 551, 576 (2021). Put simply, the record is barren of any evidence that Newark acted or failed to act in a palpably unreasonable manner.

Having reviewed the record de novo and in the light most favorable to plaintiff, we hold there was no reversible error. We, therefore, conclude plaintiff's complaint was properly dismissed with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-2262-23