**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0389-24

AMANDA COSTIGAN and
BRIAN COSTIGAN,

      Plaintiffs-Appellants,

v.

TOWNSHIP OF UNION and
UNION RECREATION
DEPARTMENT,

      Defendants-Respondents.

_____

Argued September 15, 2025 – Decided October 29, 2025

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1963-22.

Jon R. Skolnick argued the cause for appellants.

Gregory D. Emond argued the cause for respondents (Antonelli Kantor Rivera PC, attorneys; Gregory D. Emond, of counsel and on the brief, Michael A. Sabony, on the brief).

PER CURIAM

Plaintiffs Amanda and Brian Costigan appeal an order granting summary judgment dismissing their complaint against defendants Township of Union and Union Recreation Department under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (TCA). Based on our de novo review of the record, we conclude defendants are entitled to judgment as a matter of law and therefore, we affirm.

I.

In the Fall of 2021, plaintiffs Amanda and Brian Costigan travelled to Volunteer Park in Union Township to watch their child play soccer. After parking, instead of walking on a paved path, plaintiffs walked through a grassy area adjacent to a retaining wall to reach the soccer field. Plaintiff[1] claimed as she was walking through the park, her foot became lodged in a hole in the grass which she described as approximately one foot deep and large enough to capture her entire foot. She suffered a fracture to her right leg tibia/fibula, requiring surgical intervention with internal fixation, followed by extensive rehabilitation. Her treating physician opined her injuries were permanent and limited her ability to engage in various physical activities.

---

[1] We refer to Amanda Costigan as plaintiff in this opinion as Brian Costigan's claims are per quod.

A-0389-24

At her deposition, plaintiff testified she was unable to see the hole due to the long grass and when she fell, her foot remained stuck in the hole, which she described as a foot deep and large enough to trap her foot. Plaintiffs also testified after the accident, they returned to the park and observed an orange cone placed over a hole, and later observed the hole was repaired.

In contrast, Matt Reed, supervisor of the Union Department of Public Works, testified at his deposition that he did not observe a hole at the location identified by plaintiffs, but did observe a minor divot in a different location in the grass. When Reed was questioned why the cone was placed in a different area rather than at the subject condition, he testified, "because [the subject condition] was not a hazard." Plaintiff disputed Reed's credibility and asserted the cone marked the precise spot of her fall.

Records from Union Township revealed the park's grass was mowed every two to three weeks, with the area next to the retaining wall near plaintiff's fall being hand-cut with a weedwhacker. Reed testified that inspections were performed, and repairs were made if a defect was discovered during mowing. The records indicated the last lawn cut before plaintiff's accident was approximately three weeks prior.

A-0389-24

Plaintiffs filed their complaint in July 2022. After an extensive period of discovery, defendants moved for summary judgment in July 2024. After holding oral argument, the trial court granted the motion by way of a written decision.

The judge determined that the divot in the grass where plaintiff allegedly tripped was not a "dangerous condition" as defined by the TCA. The court further found the photographic evidence showed only a minor divot, which did not present a "substantial risk of injury" as required by the TCA and the Township employees and a supervisor did not identify the divot as a hazard when shown its location after the incident. The court also determined plaintiffs, who had attended the park many times previously, did not see the divot prior to the incident.

The court further determined the Township had established and followed regular inspection, cutting, and maintenance schedules for Volunteer Park. There was no evidence that the Township deviated from its policies or procedures, nor that any act or omission by an employee created the alleged condition.

The court determined there was no evidence the Township had actual notice of the alleged condition citing the fact that no complaints, reports, or prior knowledge of the divot were in the record. As to constructive notice, the court

4

concluded plaintiff failed to present any evidence that the condition existed for an unreasonable period or was so obvious that the Township should have found or known about it. The fact that neither staff nor frequent visitors noticed the divot indicated to the court that it was not obvious and did not exist for a meaningful period prior to the accident.

The court did not make any determination related to the portion of defendant's motion requesting dismissal based on the "palpably unreasonable" prong and injury threshold subsection of the TCA due to its findings that plaintiff failed to show any genuine factual issues a dangerous condition existed or the Township had actual or constructive notice.

Plaintiffs moved for reconsideration which was denied. The court reiterated its findings, distinguishing cases plaintiff argued were supportive of its positions and maintained that the alleged factual disputes regarding the defect and notice did not rise to triable issues, given the lack of objective evidence showing the hole was a dangerous condition or any evidence of actual or constructive notice to the Township.

On appeal, plaintiff asserts the trial court erred by: (1) incorrectly applying the Brill[2] standard by adopting defendants' testimony that was disputed

---

[2]  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995).

A-0389-24

by plaintiffs; (2) finding that that the hole was not a "dangerous condition" under the tort claims act; (3) determining that the appellant failed to establish that the township had either actual or constructive notice of the dangerous condition created by the hole; and (4) declining to render findings the injuries sustained by plaintiff met the threshold required by the TCA.

## II.

We begin our analysis by acknowledging the foundational legal principles governing this appeal. Our review of a trial court's summary judgment decision is de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014). If there is no genuine issue of fact, we then decide whether the trial court's ruling on the law was correct. Walker v. Alt. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987).

A-0389-24

"The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill at 540). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).

Public entities are presumptively "immune from tort liability unless there is a specific statutory provision imposing liability." Kahrar v. Borough of Wallington, 171 N.J. 3, 10 (2002) (citing Collins v. Union County Jail, 150 N.J. 407, 413 (1997)). "Under the TCA, immunity [for tort liability] is the rule and liability is the exception." Posey v. Bordentown Sewerage Auth., 171 N.J. 172, 181 (2002). Thus, "a public entity is 'immune from tort liability unless there is a specific statutory provision' that makes it answerable for a negligent act or omission." Polzo v. Cnty. of Essex, 209 N.J. 51, 65 (2012) (quoting Kahrar, 171 N.J. at 3); see also N.J.S.A. 59:2-1(a) ("Except as otherwise provided by [the TCA], a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity . . . ."). Under the TCA, a public entity

has a duty of care different from "that . . . owed under the negligence standard." Polzo, 209 N.J. at 76; see also Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 460 (2009).

The TCA allows imposition of tort liability against public entities for injuries caused by conditions of their property but only based on limited circumstances. Under N.J.S.A. 59:4-2, a public entity has tort liability for injuries caused by the entity's property only where it is established: (1) the public entity's "property was in dangerous condition at the time of the injury"; (2) "the injury was proximately caused by the dangerous condition"; (3) "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred"; and (4) "a negligent or wrongful act or omission of [a public] employee . . . created the dangerous condition" or "a public entity had actual or constructive notice of the dangerous condition[.]" See also Vincitore ex rel. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 124-25 (2001). In addition, a public entity is not liable for a dangerous condition of its property "if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable." N.J.S.A. 59:4-2.

A plaintiff asserting a tort claim against a public entity for injuries allegedly caused by a condition on its property must present evidence satisfying

A-0389-24

each of the elements of a cause of action under N.J.S.A. 59:4-2. Polzo, 209 N.J. at 66; see also Carroll v. N.J. Transit, 366 N.J. Super. 380, 386 (App. Div. 2004) (explaining N.J.S.A. 59:4-2 "places the burden squarely on the plaintiff to prove each of its elements"). A failure to present sufficient evidence establishing any element of a cause of action under N.J.S.A. 59:4-2 requires dismissal of the claim. Polzo, 209 N.J. at 66.

A.

We first address plaintiff's contention the court erred by finding there were no genuine factual issues that the hole or depression was "a dangerous condition." Under the TCA, a dangerous condition is defined as a "condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). Thus, the issue presented is whether, as a matter of law, the alleged hole or divot created a substantial risk of injury when the property was used with due care. See Garrison v. Twp. of Middletown, 154 N.J. 282, 287 (1998).

There must be a defect in the "'physical condition of the property itself . . . .'" Levin v. Cnty. of Salem, 133 N.J. 35, 44 (1993) (quoting Sharra v. City of Atlantic City, 199 N.J. Super. 535, 540 (App. Div. 1985)). "Whether a

9

property is in a 'dangerous condition' is generally a question for the finder of fact." Vincitore, 169 N.J. at 123 (citation omitted). Nonetheless, that determination is subject to the court's preliminary assessment of whether a reasonable factfinder could conclude from the evidence presented by plaintiff that the property was in a dangerous condition. Id. at 124.

We conclude based on our de novo review that the court's finding plaintiff failed to provide sufficient evidence that the defect was a dangerous condition was sufficiently supported by the record. While we recognize whether there is a dangerous condition is typically left to the factfinder, here, we agree with the trial court the photographs and evidence are so one-sided that defendants were entitled to a judgment as a matter of law. The mere fact that plaintiff tripped and was injured on the defect does not create a factual dispute that the defect was a dangerous condition. Plaintiff failed to raise any genuine factual issues that the hole or divot rose to the level of a dangerous condition as defined by the TCA.

B.

Even if we were to assume there were genuine factual issues regarding whether the defect was a dangerous condition which precluded summary judgment under the TCA, we are satisfied that the trial court's reasoning finding

10

the Township did not have constructive notice of the alleged condition was not error. A public entity "shall be deemed to have constructive notice of a dangerous condition of property 'only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character.'" Polzo v. Cty. of Essex, 196 N.J. 569, 585 (2008) (quoting N.J.S.A. 59:4-3(b)).

Our review of the record leads us to agree with the court's determination plaintiff's evidence failed to create any genuine issues that the condition "existed for such a period of time and was of such an obvious nature that the [Township], in the exercise of due care, should have discovered the condition and its dangerous character" under Polzo. Plaintiffs' assertions the Township did not cut the grass for three weeks thereby hiding the defect also is inadequate to create a genuine issue of material fact sufficient to preclude summary judgment under the TCA because plaintiff failed to show when and how the hole was created. In addition, no evidence in the record supported the proposition that defendant's created the condition.

A-0389-24

To the extent we have not addressed any of plaintiffs' remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-0389-24